IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

KENNETH SIMPLER,                         )
                                         )
    Plaintiff-Below, Appellant           )
                                         )
v.                                       )        C.A. No.: CPU5-16-000997
                                         )
CRYSTAL RODRIGUEZ AND                    )
ANGEL RODRIGUEZ,                         )
                                         )
    Defendants-Below, Appellees.         )
                                         )

Mr. Kenneth Simpler                      Ms. Crystal Rodriguez
2518 Millington Road                     Mr. Angel Rodriguez
Millington, MD  21651                    2331 Sudlersville Road
                                         Clayton, DE  19938

Submitted:    February 26, 2018

Decided:    April 5, 2018

**DECISION AFTER TRIAL**

The plaintiff-below, appellant, Kenneth Simpler ("Simpler"), has filed this civil appeal for a trial *de novo* with this Court of a final decision of the Justice of the Peace Court pursuant to 10 *Del. C.* § 9571 and Court of Common Pleas Civil Rule 72.3. Simpler is seeking recovery on a debt he alleges is owed to him by the defendants-below, appellees, Crystal Rodriguez ("Crystal") and Angel Rodriguez ("Angel") for the storage of personal property. Simpler is seeking the sum of $1,100.00, plus interest and court

costs. Crystal and Angel contend that they do not owe anything to Simpler for the storage of their property.

Following the trial for this matter, and after careful consideration by the Court of all the evidence introduced at trial and the parties' arguments, the Court enters judgment for the defendants-below, appellees, Crystal and Angel.

## FACTS[1]

Simpler owns a farm in Maryland. Angel and Crystal are husband and wife. They are related to Simpler. Crystal is Simpler's niece, as her father is Simpler's brother.

Crystal and Angel lived in the vicinity of Simpler, in Maryland. They decided to sell their home in Maryland and move to a new residence in Delaware.

Crystal's father approached Simpler and asked whether Crystal and Angel could store some personal items on his farm while they were moving. Simpler gave Crystal's father permission to store Crystal and Angel's items in one of the sheds on his farm. Crystal and Angel brought the items to the shed which included, but were not limited to, lawn tractors, hand tools, lawn ornaments, Christmas decorations and shelving. In total, Crystal and Angel used about 500 square feet of the shed to store their items. There was no agreement about whether any payment for the storage of the items was expected at the time. Crystal and Angel believed that Simpler was permitting them to store the items in the shed as a favor. They had inquired from Simpler how much he wanted to charge them for storing their items. Simpler just responded "don't worry about it."[2]

---

[1] The Court has found the relevant facts of this matter by a preponderance of the evidence, based on all of the evidence introduced at trial and the reasonable inferences therefrom.

[2] There was testimony provided by Simpler that in his discussions with Crystal's father, Simpler indicated that they could agree on a cost for the storage of the items at a later time, but, that it would be reasonable. The Court notes that no amount was discussed in the alleged conversations and that there is no evidence that Crystal or Angel had any knowledge of them.

2

Crystal and Angel's items were stored in the shed for about six months, from April 2015 until October 2015. During that period, Simpler contacted some local storage companies and determined that a storage cost of $4.97 a day would be reasonable. He hand-delivered a bill to Crystal and Angel in the amount of $905.00 based on the calculation of $5.00 per day for 181 days. Crystal and Angel have refused to pay the bill that was delivered to them by Simpler.

## DISCUSSION

In order for Simpler to recover the debt he alleges is due to him from Crystal and Angel for the storage of their personal property, he must prove, by a preponderance of the evidence, (1) that Crystal and Angel were legally obligated to pay him a debt, (2) that Crystal and Angel have failed to pay the debt and (3) the amount due. *See* 26 C.J.S. *Debt, Action of* § 14 (2002). Simpler has not met his burden of proof.[3]

The Court finds that there was no agreement in place between Simpler and Crystal and/or Angel for the payment of storage costs when Simpler agreed to permit them to store items in a shed on his farm. There is no evidence that at any time before the items were stored or the items were moved that there was a discussion of payment between them. Simpler is Crystal's uncle. When she asked him what he would charge them for storing their items, Simpler responded "don't worry about it." Given their relationship and this response, Crystal and Angel had a reasonable belief that Simpler was doing them a favor by permitting them to store items in his shed and that no payment was expected. Therefore, Crystal and Angel are not legally obligated to pay any debt to Simpler.

---

[3] Since all of the relevant actions of this case occurred in Maryland, the Court has determined that Maryland law applies. However, Maryland law is consistent with Delaware law concerning the elements and burden of proof for debt actions.

## CONCLUSION

Based on the foregoing analysis, the Court enters judgment for the defendants-below, appellees, Crystal and Angel.

**IT IS SO ORDERED THIS <u>5th</u> day of APRIL, 2018.**

CHARLES W. WELCH
JUDGE